**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  11-cv-00745 WYD-KLM

UNITED STATES, FOR THE USE OF            )
PARKER SHEET METAL, INC., a Colorado     )
Corporation,                             )
               Plaintiff,              )
   v.                                    )
                                        )
CONTRACTOR'S BONDING AND                 )
INSURANCE COMPANY; JE HURLEY             )
CONSTRUCTION, INC.; HURST & BURR         )
MECHANICAL, INC.; JAMES MARTIN; and      )
DAVID DRAPER                             )
               Defendants.             )

**ORDER FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS HURST & BURR MECHANICAL, INC. AND DAVID DRAPER**

THIS MATTER is before the Court on Plaintiff's Motion for Default Judgment Against Defendants David Draper and Hurst & Burr Mechanical, Inc. [ECF No. 36], filed August 11, 2011.  I held a hearing on this motion on November 28, 2011.  For the reasons stated on the record and below, Plaintiff's motion is **GRANTED.**

By way of background, Use Plaintiff Parker Sheet Metal Inc., (Parker) asserts claims against Defendants Hurst & Burr Mechanical, Inc. (Hurst & Burr) and David Draper for breach of contract and for breach of Colorado's Trust Fund Statute amounting to civil theft.[1]  David Draper is a principal, owner, and officer of Hurst & Burr.

---

[1] The Amended Complaint also asserts claims against Defendants James Martin, Contractor's Bonding and Insurance Company, and JE Hurley Construction, Inc.  This order on default judgment does not relate to Contractor's Bonding or JE Hurley Construction because they are actively litigating the case.  All proceedings against Defendant James Martin are stayed in light of Plaintiffs Notice submitted on July 25, 2011, [ECF No. 32], indicating that Defendant Martin filed for bankruptcy on June 10, 2011.

Hurst & Burr is a subcontractor to JE Hurley Construction, Inc., the prime contractor to the U.S. for the provision of construction services and materials for work on a project located in the Denver Federal Center in Lakewood Colorado (the Project).

In the Amended Complaint, Parker asserts it entered into a subcontract with Hurst & Burr to provide mechanical equipment, materials, labor and related services for the Project or in the alternative that it entered into an oral, implied, or quasi contract to perform such services.  Parker seeks damages for breach of contract against Hurst & Burr in the amount of an outstanding balance of $188,577 for materials and services fully performed under the subcontract.

Parker also asserts a claim against Defendants Hurst & Burr and Draper for breach of the Colorado Trust Fund Statute, C.R.S. § 38-22-127(1), and for civil theft arising under C.R.S. § 38-22-127(5).  In the Amended Complaint, Parker alleges that funds were disbursed to Hurst & Burr to be held in trust for payment of subcontractors on the Project, but were subsequently used for other purposes, including the payment of other company obligations or personal obligations.  Parker alleges that Defendant Draper both controlled the finances of Hurst & Burr and made financial decisions. Accordingly, Parker alleges that both Hurst & Burr and Draper breached their statutory fiduciary duty under §38-22-127(1) by not holding the funds in trust for the benefit of Parker and by not paying the funds to Parker.  Pursuant to §38-22-127(5) this constitutes theft under C.R.S. §18-4-401.  As explained below, Plaintiff asserts that §18-4-405 entitles it to treble damages and attorney's fees.

On April 23, 2011, Parker served Defendants Draper and Hurst & Burr with the Summons and the Amended Complaint.  To date, David Draper and Hurst & Burr have failed to file or otherwise respond to the Summons and Amended Complaint.  This Court subsequently entered defaults against Defendants Draper and Hurst & Burr on June 1, 2011.

Parker filed its Motion for Default Judgment against Defendants Hurst & Burr and Draper on August 11, 2011 and I held a hearing on this matter on November 28, 2011.  In the motion, Parker seeks judgment in the principal amount of $188,577 with these damages trebled to $565,731 under the civil theft statute.  Parker asserts that the principal amount is a sum certain supported by a summary of the account showing amounts billed and paid and the balance due.  See Plaintiff's Motion for Default Judgment at Exhibit C [ECF No. 36].  Additionally, Plaintiff seeks interest on its judgment at the rate of 0.16% per annum, to continue to accrue at that rate on any unpaid balance until all amounts are paid in full; costs in the amount of $450.00; attorney's fees of $3,297.00; all future costs of collection, including legal fees associated with Plaintiff's efforts to collect judgment; and that the Court make this a final judgment pursuant to Fed. R. Civ. P. 54(b).

Turning to my analysis, I find from my review of the motion and from argument at the hearing that a default judgment is proper pursuant to FED. R. CIV. P. 55(b)(2) since neither Defendant Draper or Hurst & Burr has currently filed an answer or other responsive pleading in the case.  Thus, the Motion for Entry of Default Judgment Under FRCP 55(b)(2) is granted and judgment is hereby entered in favor of Parker Sheet

Metal, Inc. and against Defendants David Draper And Hurst & Burr Mechanical, Inc., jointly and severally, on Plaintiff's Fourth Claim for Relief for breach of the Colorado Trust Fund Statute, C.R.S. § 38-22-127 and C.R.S. § 18-4-401 and -405.

The Colorado Trust Fund Statute, C.R.S. § 38-22-127(1), provides that all funds disbursed to any contractor or subcontractor under any building construction or remodeling contract shall be held in trust to pay subcontractors, laborers, or material suppliers. Failure to do so is a violation of the civil theft statute at C.R.S. § 18-4-401. *See* § 38-22-127(5) ("Any person who violates the provisions of subsections (1) and (2) of this section commits theft, as defined in section 18-4-401, C.R.S."). In an action to recover property obtained by theft, "the owner may recover two hundred dollars or three times the amount of the actual damages sustained by him, whichever is greater" in addition to recovery of costs and reasonable attorney's fees. *See* § 18-4-405. Therefore, the consequences of violating the Trust Fund Statute can be an award of treble damages. In the context of a construction trust fund violation, a civil plaintiff must at least establish that the contractor was aware that the manner of using trust funds was "practically certain" to result in depriving the supplier of his funds. *People v. Anderson,* 773 P.2d 542, 545 (Colo. 1989).

On the issue of damages, I find that the damages of $188,577.00 are for a sum certain since they are based on both the Affidavit of Timothy Parker, the President of Parker Sheet Metal, and Parker Sheet Metal's account summary showing amounts billed and paid and the balance due. Assuming Hurst & Burr failed to hold the funds in trust and instead spent these funds on other obligations, as Parker alleges, Hurst & Burr

has violated the civil theft statute by acting in a way that is practically certain to deprive Parker of its funds. As a result, Parker is entitled to its actual damages, of $188,577 trebled to $565,731. Additionally, both the company and the individual officers and directors of the company shall be held liable. *See Alexander Co. v. Packard*, 754 P.2d 780, 782 (Colo. App. 1988) (defendant who controlled the company finances and knowingly diverted trust funds is personally liable for the breach of trust even if he did not personally benefit). Therefore Draper and Hurst & Burr shall be jointly and severally liable for these treble damages.

Turning to Parker's fees and costs, the reasonableness of a fee request is determined by calculating the so-called 'lodestar amount' of a fee, which is presumed to be reasonable. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations omitted); *see also United Phosphurus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) (when attorney's fees are awarded, courts often calculate the "lodestar amount," which is the reasonable number of hours spent on the case times a reasonable hourly rate). The lodestar calculation "is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson*, 160 F.3d at 1281 (quotation omitted). The court must consider (1) whether the tasks being billed 'would normally be billed to a paying client,' (2) the number of hours spent on each task, (3) 'the complexity of the case,' (4) 'the number of reasonable strategies pursued,' (5) 'the responses necessitated by the maneuvering of the other side,' and (6) 'potential duplication of services' by multiple lawyers. *Robinson*, 160 F.3d at 1281 (quoting *Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983)).

In this case, Parker has incurred costs of $450 and attorney fees of $3,297.50. *See* Motion for Default Judgment at Exhibit D (Affidavit of Gilbert R. Egle, counsel for Parker) [ECF No. 36]. My review of the affidavit of Mr. Egle shows that the amount of fees and hourly rates appear to be reasonable. The fees were incurred in relation to preparation of the Complaint, service of process on the defendants and preparation of the default pleadings. The costs were incurred in relation to the filing of the Complaint and service of process on Defendants Hurst & Burr and David Draper. Accordingly, Parker shall be awarded its attorneys' fees in the amount of $3,297.00 and costs of $450.00.

Finally, interest shall accrue on this judgment from the date of the judgment at the rate of 0.16% per annum, to continue to accrue at that rate on any unpaid balance until all amounts are paid in full. *See* 18 U.S.C. § 1961(a) (interest on money judgments in a civil case shall accrue at a rate which is published weekly by the Board of Governors of the Federal Reserve System).

In conclusion, I find that Plaintiff Parker Sheet Metal is entitled to a default judgment in its favor for actual and treble damages, reasonable attorney's fees and costs, and post-judgment interest. I also find that this judgment against the Defendants shall be a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. The future costs of collection are indeterminable and therefore shall not be awarded at this time. Based on the foregoing it is

ORDERED that Plaintiff's Motion for Default Judgment Against Defendants David Draper and Hurst & Burr Mechanical, Inc. [ECF No. 36], filed August 11, 2011, is

**GRANTED.** As of the date of this order Defendants Hurst & Burr Mechanical, Inc. and David Draper shall be jointly and severally liable to Parker Sheet Metal in the following amounts:

i. $188,577 in actual damages trebled to $565,731;

ii. Attorneys' fees in the amount of $3,297.00;

iii. Costs in the amount of $450.00;

iv. Post-judgment interest to accrue at a rate of .16% per annum on any unpaid balance until all amounts are paid in full. It is

FURTHER ORDERED that Plaintiff's Second Claim for Relief for breach of contract against Defendant Hurst & Burr Mechanical, Inc., only, is hereby **DISMISSED**.

Dated: March 8, 2012

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE